FILED
2010 JAN -8 PM 2:41
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Marc J. Randazza
FL Bar No. 625566
MA Bar No. 651477
302 Washington Street, Suite 321
San Diego, CA 92103
619-866-5975
619-866-5976 (fax)

Trial Counsel for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION**

LIBERTY MEDIA HOLDINGS, LLC

Plaintiff,

vs.

WINTICE GROUP, INC. d/b/a MEN4RENTNOW.COM; and JOHN DOES 1-10

Defendants

Case No. 6:10-cv-44-OrL-19GJK

**COMPLAINT**

**(1) COPYRIGHT INFRINGEMENT**
**(2) TRADEMARK INFRINGEMENT**
**(3) UNFAIR COMPETITION: FALSE ADVERTISING**

**INJUNCTIVE RELIEF SOUGHT**

## INTRODUCTION

1. The Plaintiff, Liberty Media Holdings, LLC ("LMH" or "Plaintiff") and its partner company produce high quality photographs, which are published and licensed to third party publishers for a premium fee.

2. The Defendants misappropriated seven of LMH's images and unlawfully used them to market their own prostitution related services.

3. The Defendants' actions are a clear violation of the Plaintiff's copyrights as protected by Title 17 of the U.S. Code.

4. The Defendant's actions were willful in nature, entitling the Plaintiff to enhanced damages. The Plaintiff seeks statutory damages, actual damages, an award of its attorney's fees and costs of suit, as well as injunctive relief to ensure that Defendants engage in no future activity of a similar nature.

## THE PARTIES

### THE PLAINTIFF, LIBERTY MEDIA HOLDINGS, LLC

5. LMH is a California corporation with a mailing address of 302 Washington Street, Suite 321 San Diego, CA 92103. LMH is registered to do business in the State of Florida and conducts a significant amount of business in Florida.

6. LMH is an intellectual property holding company, and its parent company contracts with various models and photographers to create original works of art, the rights to which are then assigned in gross to LMH after production.

7. LMH is the responsible for the marketing and licensing of these original works of art.

8. LMH either owns all of the intellectual property relevant to this case, or has had the intellectual property assigned to it, or has had the relevant claims assigned to it by the owner of the relevant intellectual property.

9. Accordingly, the Plaintiff either directly or through assignment owns all relevant rights and has both the right and the responsibility to bring this lawsuit in order to protect the valuable intellectual property at issue.

## DEFENDANT WINTICE GROUP, INC. D/B/A/ MEN4RENTNOW.COM

10. The Wintice Group, Inc. d/b/a/ Men4rentnow.com owns and operates the website www.men4rentnow.com.

11. Men4rentnow.com is a website that advertises the services of male escorts.

12. The Wintice Group is headquartered at 8581 Santa Monica Blvd, #457, West Hollywood, CA 90069.

## DEFENDANTS JOHN DOES 1-10

13. John Does 1-10 are the owners, operators, principals, or agents of Wintince Group.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to the Copyright Act (17 U.S.C. §§ 101 et. seq.), the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and this Court has supplemental jurisdiction over the state law claims as they arise from the same common nucleus of operable facts as the federal claims.

15. The relevant web page giving rise to this dispute between the parties advertised the services of a male escort in Florida. See **Exhibit A**. Furthermore, the infringements in the advertisement at issue in this action were placed pursuant to a contract with a resident of this district.

16. This resident, on information and belief, is named Justin Kreuger and resides at [redacted], [redacted], Orlando, FL 32822.

17. Wintice Group affirmatively consented to the jurisdiction of this Court or otherwise purposefully availed itself of the privilege of doing business

in the state of Florida and within this district by contracting with a resident of this district for the advertisement of escort services by using the Plaintiff's copyrighted images and registered trademarks.

18. The Defendants regularly do business in this district and/or purposely targeted residents of this state, including the Justin Kreuger, thus this Court has personal jurisdiction over all of the Defendants.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims pleaded herein occurred in this district.

## FACTS COMMON TO ALL CLAIMS

### THE PLAINTIFF'S PROPERTY

20. The Plaintiff owns a number of intellectual property rights, which are relevant to this lawsuit including copyrights and trademarks.

21. Collectively, these rights may be referred to as "The Intellectual Property."

22. Individually, these rights will be referred to as The Copyright and The Trademark.

23. These rights are explained below:

### THE PLAINTIFF'S INTELLECTUAL PROPERTY – COPYRIGHT

24. The Plaintiff is the Author of the original work of expression, "Greg," an audiovisual movie, which is registered with the U.S. Copyright Office, and the corresponding still photographs, also titled "Greg," are also registered with the U.S. Copyright Office. Copies of the relevant copyright certificates are attached as **Exhibit B**.

25. The effective date of registration was October 6, 2009, which was prior to the infringement committed by the Defendants. See **Exhibit B**.

26. The Plaintiff did not give the Defendants permission to republish any of its copyrighted works.

27. The Plaintiff allows its copyrighted works to be used by third parties under strict licensing agreements that control the quality of the publication, the use of the Plaintiff's logos or other identifying information, and which require the payment of a fee that is never less than $5,000 in cash or other valuable consideration.

28. Under no conditions has the Plaintiff ever licensed its photographs to an escort agency, nor does Plaintiff contemplate any circumstances under which it would do so.

29. The commercial value of the relevant Copyrights has been diminished by the Defendants' actions.

**THE PLAINTIFF'S INTELLECTUAL PROPERTY – TRADEMARK RIGHTS**

30. The Plaintiff is the registrant of the trademark CORBIN FISHER®, Registration Number 3,196,073, Serial number 78-691,008. A copy of the trademark registration certificate for this trademark is attached as **Exhibit C**.

31. CORBIN FISHER is the Plaintiff's trademark, and it is only allowed to be used by third parties under strict licensing agreements that control the quality of the publication, the use of the Plaintiff's logos or other identifying information, and which require the payment of a fee that is never less than $5,000 in cash or other valuable consideration.

32. Under no conditions has the Plaintiff authorized the use of its Trademark for the commercial promotion of escort services, nor does the Plaintiff contemplate any circumstances under which it would do so.

33. The commercial value of the Trademark has been diminished by the Defendants' actions.

## THE DEFENDANTS' WRONGFUL ACTS

34. Men4rentnow.com is an escort service providing male escorts. One of Men4rentnow.com's escorts, Justin Kreuger, is a former model who worked for Plaintiff and appeared in the aforementioned work, "Greg."

35. On information and belief, either Justin Krueger uploaded the Plaintiff's copyrighted images, bearing the Plaintiff's registered trademark, to the Men4RentNow.com website, or Wintice Group did so.

36. The seven photographs at issue all clearly display the Plaintiff's registered trademarks, thus making it clear to all viewers that these photographs belong to the Plaintiff.

37. The Defendants used and published The Intellectual Property to advertise escort services for profit and without the Plaintiff's permission.

38. The Defendants used and published The Intellectual Property without any regard as to the rights of the owner of The Intellectual Property.

39. The Defendants profited from this publication.

40. The Defendants have no legal right to use Intellectual Property for this purpose.

41. The Defendants did not seek permission from Plaintiff to use the Intellectual Property.

42. A true and correct copy of Men4rentnow.com displaying the Plaintiff's copyrighted images is attached as **Exhibit A.**

43. Defendants knowingly and willfully infringed upon the Plaintiff's copyrights and trademark.

44. Neither Plaintiff nor any other person granted Defendants the right to manufacture and/or distribute The Intellectual Property, nor to exploit The Intellectual Property for the Defendants' own use and profit, and especially not for escort related services.

45. The Defendants have never sought nor acquired permission to use any of The Intellectual Property, yet they still commercially distributed The Intellectual Property for their own profit.

46. The Intellectual Property is extremely valuable.

47. The Plaintiff licenses The Intellectual Property, but has strict requirements for such licensing in order to preserve the commercial value of The Intellectual Property, which is cheapened and diminished when distributed improperly. Any license of The Intellectual Property requires that the Licensee:

   a. Provide credit to the Plaintiff,
   b. Present's the Intellectual Property in a high-quality environment,
   c. Adhere to strict quality and presentation controls,
   d. Pay a minimum fee of $5,000, but often more.

48. Defendant Wintice Group is anticipated to take the position that it merely provides a platform for others, including Mr. Kreuger, to advertise their

services. However, 47 U.S.C. § 230 does not apply to intellectual property claims, and the DMCA (17 U.S.C. § 512) requires the execution of formalities (such as the registration of a DMCA agent) with which the Defendants have not complied.

49. Furthermore, the Defendants engaged in a review of the advertisement that contained the Plaintiff's intellectual property before posting it on the Men4RentNow.com website, and thus participated in the publication and/or actively and consciously ratified its publication. See **Exhibit D**.

50. Wintice Group reviews and approves advertisements that appear on its website, and Wintice Group reviewed and approved the advertisement shown in **Exhibit A**.

51. The Wintice Group's Advertising Placement Agreement confirms that the Wintice Group reviews advertisements before publishing them, as the Wintice Group's Advertising Placement Agreement states:

> This Agreement shall only be binding upon us following our review and acceptance of your advertising material in our sole discretion. We retain the right to reject any proposed advertisement at our sole discretion. See **Exhibit D.**

52. The advertisement contains 7 of the Plaintiff's copyrighted images, and each of these 7 images clearly displays the Plaintiff's trademark, thus making it obvious to any viewer that these were proprietary images, owned by the Plaintiff.

53. Accordingly, Wintice Group either knowingly and willfully exploited and published the 7 works with the knowledge that they belonged to

the Plaintiff or published them with reckless disregard and willful blindness for the Plaintiff's rights.

**FIRST CAUSE OF ACTION**

**(Copyright Infringement 17 U.S.C. § 501)**

54. Plaintiff re-alleges and incorporates by reference as if verbatim, each and every paragraph.

55. At all times relevant hereto, the Plaintiff has been the owner and producer of the visual work that was reproduced, distributed, and publicly displayed by the Defendants on the Men4rentnow.com website.

56. The Plaintiff holds copyright registration certificates from the United States Copyright Office that cover the infringed upon works.

57. Without authorization, the Defendants reproduced and distributed copyrighted and registered works on the Men4rentnow.com website.

58. The Defendants' conduct was willful within the meaning given to that term by the Copyright Act.

59. As a result of their wrongful conduct, the Defendants are liable to the Plaintiff for copyright infringement under 17 U.S.C. § 501.

60. Plaintiff has suffered losses including damage to its business reputation and goodwill.

61. Plaintiff is entitled to recover statutory damages under 17 U.S.C. § 504(c).

62. In addition, because the Defendants' infringing acts were willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

63. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**SECOND CAUSE OF ACTION**

**(False Endorsement, § 43(a) of the Lanham Act, 15 U.S.C. § 1125)**

64. Plaintiff re-alleges and incorporates by reference as if verbatim, each and every paragraph.

65. Defendants' use of the Plaintiff's trademark in connection with web-based classified advertising of prostitution services constitutes false designation of origin because it indicates to consumers that Defendants' goods and services are produced by, or affiliated, or associated with Plaintiff when, in fact, they are not.

66. Defendants' actions have created a likelihood of confusion among consumers who will falsely believe that Defendants' goods and services are produced by, or affiliated or associated with Plaintiff when, in fact, they are not.

67. Defendants' use of the Plaintiff's trademark to market its services to the public constitutes intentional conduct by the Defendant to make false designations of origin and false descriptions about the Defendants' goods, services, and commercial activities.

68. Upon information and belief, Defendant Doe 1 controls, directs, ratifies, participates in, and is the moving force behind the alleged activity, and he is therefore personally liable for such activity.

69. As a direct and proximate result of Defendants' false designation of origin, Plaintiff has suffered monetary loss and irreparable injury to its

business, reputation, and goodwill in its CORBIN FISHER® mark. Plaintiff is entitled to an award of compensatory damages and disgorgement of Defendants' profits in an amount to be proven at trial.

70. Pursuant to the Lanham Act, Plaintiff is also entitled to treble damages and attorney's fees and costs incurred in prosecuting this action.

71. This is an "exceptional case," thus justifying an award of the Plaintiff's attorney's fees incurred in the prosecution of this case.

**THIRD CAUSE OF ACTION**

**(Unfair Competition: False Advertising – 15 U.S.C. § 1125(a)(1)(B))**

72. Plaintiff re-alleges and incorporates by reference as if verbatim, each and every paragraph.

73. Defendants' use of Plaintiff's CORBIN FISHER® mark on an escort site by posting an ad that purported to be "Corbin Fisher" constitutes intentional and false advertising, and a misrepresentation of the nature, characteristics, qualities, and/or origin of Defendants' goods, services, and commercial activities.

74. Upon information and belief, Defendant Doe 1 controls, directs, ratifies, participates in, and is the moving force behind the alleged activity, and he is therefore personally liable for such activity.

75. As a direct and proximate result of Defendants' false advertising, Plaintiff has suffered monetary loss and irreparable injury to its business, reputation, and goodwill in its CORBIN FISHER® mark. Therefore, Plaintiff is entitled to an award of compensatory damages and disgorgement of Defendants' profits in an amount to be proven at trial.

76. Pursuant to the Lanham Act, Plaintiff is also entitled to treble damages and attorney's fees and costs incurred in prosecuting this action.

**WHEREFORE; PLAINTIFF PRAYS**

1. That the Court issue a Permanent Injunction prohibiting the Defendants from future misconduct.

2. That all Defendants be found jointly and severally liable for all acts complained of.

3. That the Defendants be required to pay treble damages for their willful trademark infringement; and

4. For statutory and/or exemplary and/or exemplary damages in an amount of $150,000 per count of copyright infringement.

5. That Defendants be required to deliver up to be impounded during the pendency of this action:

   a. All copies of the Plaintiff's works, in any format, in Defendants' possession or under their control,

   b. All hard drives or other storage devices that contain the Plaintiff's works or other copyrighted images.

6. That Defendants pay to the Plaintiff its reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and/or 15 U.S.C. § 1117(a).

7. That Defendants pay the Plaintiff the costs of this action; and,

8.  For any additional and further relief which this Court deems to be just and proper.

Dated: January 4, 2010                    Respectfully Submitted,

s/ Marc Randazza
Marc J. Randazza,
FL Bar # 625566
302 Washington Street, Suite 321
San Diego, CA 92103
619-866-5975
619-866-5976 fax