Marc J. Randazza
FL Bar No. 625566
302 Washington Street, Suite 321
San Diego, CA 92103
619-866-5975
619-866-5976 (fax)

Trial Counsel for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION**

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>WINTICE GROUP, INC. d/b/a MEN4RENTNOW.COM, a California corporation; JUSTIN KRUEGER, an individual; and JOHN DOES 2-10<br><br>Defendants | Case No. 6:10-CV-0044<br><br>**PLAINTIFF'S MOTION AGAINST JUSTIN KRUEGER FOR FEES AND COSTS** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Liberty Media Holdings, LLC (Liberty or Plaintiff) hereby moves the Court for an award of fees and costs pursuant to Fed. R. Civ. P. Rule 4(d)(2) for costs and fees relating to the service of process on Defendant Justin Krueger (Defendant or Krueger) and 18 U.S.C §1927 for fees incurred in a) preparing and filing Plaintiff's Motion to Strike Krueger's Motion to Dismiss (Doc. 22), b) preparing and filing Plaintiff's Opposition to Defendant Krueger's Motion to Dismiss (Doc. 23), and c) preparing and filing the instant motion.

**Facts**

Plaintiff's attempts to obtain a waiver of service of process are numerous. To start, Plaintiff was hesitant to add Krueger as a defendant to the action, instead preferring to settle with someone who had previously worked for Liberty as a contractor rather than litigating against Krueger in a public, adversarial manner. On December 18, 2009 Plaintiff expected to settle all claims with Krueger and transmitted settlement documents to him. See Exhibit A (cover letter to Krueger enclosing settlement documents). Krueger failed to sign and disregarded further attempts at reasonable settlement communications. On January 2, 2010, Plaintiff informed Krueger via text message that Liberty would be filing suit against him, to which Krueger responded, "*I've already (sic) spoken to my lawyer.*" Exhibit B. Krueger did not elaborate. On January 19, 2010, Plaintiff filed its First Amended Complaint (Doc. 5) adding Krueger as a defendant to this action.

On January 30, 2010, counsel for Plaintiff received a telephone call from Krueger informing the undersigned that Krueger was in San Diego and willing to meet in person to discuss the action and again reach a settlement. See Declaration of Marc Randazza ¶ 2. Additionally, during that phone call, counsel for the Plaintiff informed Krueger that he would provide Krueger with a hand delivered waiver of service of process. See Declaration of Marc Randazza ¶ 2. Further arrangements were made via text message on January 31, 2010 wherein Krueger wrote, "*Lets sit down tomorrow. Im (sic) available. I do indeed have your office address. What time would you like to meet?*" Exhibit C.

Krueger then sent a bizarre text message stating "*Ice cream sandwiches for breakfast*," to which Randazza responded with a cordial invitation to "*spring for something healthier*," suggesting the tentative time for 10:30 a.m. Exhibit D. It was during this meeting that counsel

intended to provide Krueger with the waiver of service and finalize the previous settlement papers. On February 1, 2010, the day the meeting was set, the undersigned sent Krueger a text message at 9:30 a.m. asking if Krueger would prefer a lunch meeting, indicating that the choice was up to Krueger, "*Hey, how would lunch (on me) strike you instead?*" Exhibit E. Krueger responded that he was "*unable to come into the office this morning. Once you asked me to Lunch, I made plans to go to L.A.*" Exhibit E. Krueger later stated that he cancelled the meeting because he wanted to avoid being served with the complaint at the meeting. See Randazza Decl. ¶¶ 5-6. This clearly shows an active intent to evade service.

Mr. Baileey Caro is Krueger's talent agent and the general point of contact for business affairs between Krueger and the Plaintiff. On February 2, 2010 Plaintiff contacted Mr. Caro via email in order to explain that the instant suit was moving forward. Exhibit F. Plaintiff explained to Krueger's agent that Plaintiff would be sending a waiver of service for Krueger's signature and the implications of this transmittal. Exhibit F. After this communication, Plaintiff filed its Motion to File a Second Amended Complaint. This Court granted Plaintiff's motion on February 26, 2010, and on March 8, 2010, Plaintiff delivered 2 separate packages via certified mail—return receipt requested to addresses for both Krueger and Mr. Caro, the Second Amended Complaint (Doc. 12-1), 2 copies of the waiver of service of summons, and a self-addressed, pre-stamped envelope for its return. See Declaration of Eric Gapp ¶¶ 2-3 and Exhibit G. The letter to Krueger was returned to Plaintiff's office unopened. See Declaration of Eric Gapp ¶ 4.

On March 29, 2010, the Plaintiff sent a follow-up email to Krueger's agent inquiring about the status of the waiver of service—reiterating the fact that this would mean Liberty could recoup the cost of service if Krueger did not return the waiver. See Exhibit H. On March, 30, 2010 the undersigned's assistant, Eric Gapp, emailed Krueger's agent stating that the post office

had attempted to deliver the package on March 11, 2010, that notice was left at the agent's address, and that the package was still at Krueger's agent's local post office for pick-up. See Exhibit H. After receiving no response, on April 2, 2010 Mr. Gapp sent a follow up email to Krueger's agent again inquiring into the matter, and additionally attaching an electronic copy of the Second Amended Complaint and the Waiver of Service so that Krueger's agent could print it out at his convenience without having to make the trip to the post office to pick up the package. See Exhibit H. The USPS tracking slip shows that as of April 17, 2010, the package was left unclaimed, after which it was returned to Plaintiff. See Declaration of Eric Gapp ¶ 5 and Exhibit I.

On April 6, 2010, Plaintiff received a phone call from a third party with knowledge of Krueger's whereabouts, stating that Krueger could be temporarily found at an address in Wilton Manors. On April 7, 2010, a process server delivered the complaint and summons to this address, but it was mistakenly served on a different individual resembling Krueger, but who lives in the adjoining apartment. Krueger identified this individual as his "landlord," and denied receiving the Complaint. Krueger claimed that he instructed his "landlord" to return it to the Court. See Declaration of Marc Randazza ¶¶ 7-8. At this point, Krueger should have been deemed served, or at least he should have returned the previously provided Waiver of Service. Instead Krueger called the undersigned and insisted on being formally served. See Randazza Decl. ¶¶ 7-8.

On April 8, 2010, Plaintiff hired a second investigator/process server to stake out Krueger's location, and on April 8, 2010 at approximately 9:48 p.m., Krueger was served with copies of the Second Amended Complaint and Summons. See Doc. 18. The service required investigative work and surveillance, and was completed as a rush job in order to serve Krueger

while he was still at this location, all of which increased the cost. See Randazza Decl. ¶ 9 and Exhibit J.

**Fees and Costs Pursuant to Rule 4**

Fed. R. Civ. P. 4(d)(2) states that when a defendant fails to comply with a request for waiver of service of a summons, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Costs include the process server's fees, as well as attorney's fees for finding a process server and coordinating service, and attorney's fees for drafting and filing the present motion. See *Premier Bank, Nat'l Assoc. v. J.B. Ward*, 129 F.R.D. 500, 501-502 (M.D. La. 1990). The legislative history provides further illustration that:

> The purpose of this provision is to encourage the prompt return of the form so that the action can move forward without unnecessary delay. Fairness requires that a person who causes another additional and unnecessary expense in effecting service ought to reimburse the party who was forced to bear the additional expense.
> H.R. 7154m 97th Cong. 2d Sess., Section-by-Section Analysis, Section 2, 8 (1982).

"[Providing for the recovery of attorney's fees will encourage defendants to acknowledge mail service, make the service by mail provision of Rule 4 work better, and effectuate the policies behind the rule." *Premier Bank, Nat'l Associ.*, 129 F.R.D. at 502.

To date, Plaintiff has incurred considerable fees including, but not limited to, preparing for the in-person meeting with Krueger wherein the Waiver of Summons could be personally handed to him; corresponding, texting, and phone calls with Krueger and Krueger's agent, Mr. Caro; the mailing and tracking of the waivers of service to Krueger and Mr. Caro; online research in locating Krueger for actual service; coordinating a special investigator to contact Krueger in order to arrange for his escort services as a means to serve him in person; phone calls

with the third party who tipped off Plaintiff about Krueger's temporary whereabouts; attempting to find a process server able to handle the special nature of the job of serving an evasive Defendant; time spent coordinating the actual service; and time spent researching and drafting the instant motion. An actual accounting will be provided upon the Court's granting of Plaintiff's instant motion.

**Fees and Costs Pursuant to 28 U.S.C § 1927**

28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

In addition to the actions detailed above which unreasonably and vexatiously prolonged the instant action and Plaintiff's access to a swift and speedy trial, Krueger has additionally filed a Motion to Dismiss for Improper Venue. Doc. 21. As outlined in Plaintiff's Opposition to this Motion, (Doc. 22), venue is not improper. This is yet another attempt by Krueger to frustrate Plaintiff's access to justice. As such, the costs, expenses, and attorney's fees associated with researching, drafting and filing Plaintiff's Opposition should be awarded to Plaintiff.

Moreover, Krueger's month's long attempts at stringing Plaintiff along in the belief that Krueger would be signing a settlement agreement, his failure to show up to an in-person meeting that he had called for, his failure to return a waiver of service, and his attempts to evade service are covered by 28 U.S.C. § 1927. "The purpose of the statute is to deter frivolous and abusive practices and to ensure those who create unnecessary costs bear them." *Footman v. Cheung,* 341 F. Supp. 2d 1218 (M.D. Fla. 2004).

**Conclusion**

Krueger's conduct, thus far, has been vexatious and calculated to increase costs to the Plaintiff without addressing the merits of the underlying action. Krueger has been working with the advice of counsel, or so he claims, since January 2, 2010. See Exhibit B. He now claims to be seeking counsel in this case, despite allegedly having counsel in January. See Doc. 21. Krueger has unnecessarily and vexatiously increased the costs of this case, and unless he feels some consequences for his actions, this Court can rest assured that this case will become more disorderly, with more unsubstantiated motions and machinations by Krueger.

The sanctions requested, at this point, are minimal. If they are imposed, they will have the effect of informing Krueger that he should either demand that his attorney file a notice of appearance or that Krueger himself will be held to a reasonable standard of conduct. It would, therefore, be in all parties' interest to impose slight sanctions on Krueger now, rather than later when the stakes will likely be higher. Plaintiff should be awarded for all costs, expenses, and attorney's fees as requested.

**Wherefore, Plaintiff prays for an Order granting:**

1) All costs, expenses, and attorney's fees associated with coordinating the delivery of the waiver of service on Defendant Krueger;
2) All costs, expenses, and attorney's fees associated with investigating, locating, and serving the summons and complaint on Defendant Krueger;
3) All costs, expenses, and attorney's fess associated with preparing, filing, and serving Plaintiff's Motion to Strike Krueger's Motion to Dismiss;
4) All costs, expenses, and attorney's fees associated with preparing, filing, and serving Plaintiff's Opposition to Krueger's Motion to Dismiss;

5) All costs, expenses, and attorney's fees associated with preparing, filing, and serving the instant motion, Plaintiff's Motion for Fees and Costs.

Dated: May 4, 2010

Respectfully Submitted,

s/ Marc Randazza
Marc J. Randazza,
FL Bar # 625566
302 Washington Street, Suite 321
San Diego, CA 92103
619-866-5975
619-866-5976 fax

**CERTIFICATE OF SERVICE**

The undersigned does certify that on this 4th day of May 2010, he did file the foregoing document using the CM/ECF system, and has sent copies of all the documents via email and U.S. Mail to defendant.

/s Marc J. Randazza______________
Marc J. Randazza, Esq.
302 Washington Street, Suite 321
San Diego, CA 92103
Telephone: 619-866-5975
Facsimile: 619-866-5976
Electronic Mail: marc@corbinfisher.com