Marc J. Randazza
FL Bar No. 625566
302 Washington Street, Suite 321
San Diego, CA 92103
619-866-5975
619-866-5976 (fax)

Trial Counsel for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>WINTICE GROUP, INC. d/b/a MEN4RENTNOW.COM, a California corporation; JUSTIN KRUEGER, an individual; and JOHN DOES 2-10<br><br>Defendants | Case No. 6:10-CV-0044<br><br>**DECLARATION OF MARC RANDAZZA IN SUPPORT OF PLAINTIFF'S MOTION AGAINST JUSTIN KRUEGER FOR FEES AND COSTS** |

I, Marc Randazza, declare under penalty of perjury as follows:

1) I am the in-house counsel for Plaintiff Liberty Media Holding and the following is based on my own personal knowledge.

2) On January 30, 2010, I received a telephone call from Defendant Justin Krueger (Defendant or Krueger) informing me that he was in San Diego and willing to meet in person to discuss the action in the hopes of renewing a prior settlement agreement.

3) I agreed to the meeting and informed Krueger that I would provide him with the Waiver of Process form and complaint at the meeting.

4) On the day of the meeting, I asked Krueger via text message if he would prefer a lunch meeting, which I offered to pay for. See Exhibit D filed herewith.

5) I am uncertain why Krueger would think that an invitation to lunch would justify cancelling the meeting altogether that he himself called for, but 30 minutes after this invitation he stated via text message that he would not be coming in as he instead had made plans to go to Los Angeles. See Exhibit D.

6) Krueger later stated to me that the reason that he cancelled the meeting was because he suspected that we would serve him with the complaint at this meeting. In fact, he angrily declared that "the only reason you want to meet is to trick me into being served," despite assurances that he would only be provided with a waiver of service. This clearly shows an active intent to evade service.

7) On April 7, 2010, I was informed by a process service company that Plaintiff had hired, Eagle Legal, that a process server had served Krueger. In a series of communications, I followed up with Krueger, and discovered that it was someone he identified as his "landlord" who had been served.

8) Krueger told me that he had instructed this individual to return all documents to the Court, and insisted that he still needed to be formally served.

9) We obliged his request at considerable expense. See Exhibit J.

Signed on 4th of May 2010 in San Diego, California.

Marc Randazza