**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LIBERTY MEDIA HOLDINGS, LLC,**

         **Plaintiff,**

**-vs-**                                                    **Case No. 6:10-cv-44-Orl-19GJK**

**WINTICE GROUP, INC. doing business as**
**men4rentnow.com, JOHN DOES 2-10,**
**JUSTIN KRUEGER an individual also**
**known as Jake Lyons,**

         **Defendants.**

_____

## ORDER

This case comes before the Court on the following:

1. Motion to Dismiss for Improper Venue by Justin Krueger (Doc. No. 21, filed Apr. 29, 2010);

2. Motion to Strike Motion to Dismiss for Improper Venue by Liberty Media Holdings, LLC (Doc. No. 22, filed May 4, 2010); and

3. Opposition to Motion to Dismiss for Improper Venue by Liberty Media Holdings, LLC (Doc. No. 23, filed May 4, 2010).

**Background**

On January 8, 2010, Plaintiff Liberty Media Holdings, LLC ("LMH") filed the present action against Wintice Group, Inc. and John Does 1-10. (Doc. No. 1.) On February 26, 2010, LMH filed a Second Amended Complaint against Wintice Group, Inc., John Does 2-10, and Justin Krueger ("Defendants"). (Doc. No. 25.) The Second Amended Complaint states that Krueger is an individual residing in Orlando, Florida and that venue is proper in the Middle District of Florida pursuant to 28

U.S.C. § 1391. (*Id*. ¶¶ 13, 25). The Second Amended Complaint asserts four separate counts against the Defendants: (1) willful copyright infringement in violation of 17 U.S.C. § 501; (2) false endorsement under 15 U.S.C. § 1125; (3) false advertising under 15 U.S.C. § 1125(a)(1)(B); and (4) breach of contract. (Doc. No. 25.)

On April 29, 2010, Krueger filed the present Motion to Dismiss for Improper Venue. (Doc. No. 21). Krueger alleges that venue in the Middle District of Florida is improper because Krueger resides in the Southern District of Florida. (*Id*.) In response, LMH filed both a Motion to Strike Motion to Dismiss for Improper Venue (Doc. No. 22) and an Opposition to Motion to Dismiss for Improper Venue. (Doc. No. 23.) In the Motion to Strike, LMH argues that the Court should strike the Motion to Dismiss for Improper Venue because Krueger's factual assertions are unsworn and unverified. (Doc. No. 22.) In the Opposition to Motion to Dismiss for Improper Venue, LMH argues that Krueger's alleged stay in South Florida does not justify dismissal or transfer of venue. (Doc. No. 23.)

**Standard of Review**

**I. Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), a court may, on its own motion or by motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). It is not intended to "procure the dismissal of all or part of a complaint." *Rockholt v. United Van Lines*, 697 F. Supp. 383, 386 (D. Idaho 1988) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (1969)).

A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing cases). Because this standard is rarely met, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters." *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla 1996).

## II. Motion to Dismiss

On a Rule 12(b)(3) motion to dismiss, the plaintiff has the burden of showing that venue in its chosen forum is proper. *Gulf Power Co. v. Coalsales II, LLC*, No. 3:06-cv-270-MCR, 2008 WL 563484, at *5 (N.D. Fla. Feb.27, 2008) (citing *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004)); *Brown v. Brown*, No. 8:06-CV-1028-T-24TGW, 2007 WL 949424, at * 2 (M.D. Fla. Mar. 27, 2007). In considering such a motion, a court accepts the facts in the plaintiff's complaint as true. *Wai*, 315 F. Supp. 2d at 1268. A court may "consider matters outside the pleadings if presented in proper form by the parties." *MGC Commc'ns, Inc. v. BellSouth Telecomms., Inc.*, 146 F. Supp. 2d 1344, 1349 (S.D. Fla. 2001) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (2d ed. 1990)). Where there is a conflict between allegations in the complaint and evidence outside the pleadings, the court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Wai*, 315 F. Supp. 2d at 1268.

## Analysis

## I. Motion to Strike

LMH contends that the Court should strike Krueger's Motion to Dismiss for Improper Venue because the Motion is merely a recitation of unsworn and self-serving factual assertions. (Doc. No. 22.) In support of the Motion to Strike, LMH cites a number of cases striking unsworn affidavits filed

in support of summary judgment motions.[1] (*Id*. at 2.) Krueger did not file a response to the Motion to Strike.

Motions to strike are generally disfavored by the Court and will usually be denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties. *Williams v. Jader Fuel Co.*, 944 F. 2d 1388, 1400 (7th Cir. 1991); *Esterson v. Broward County Sheriff's Dept.*, No. 09-60280-CIV, 2009 WL 2913255, at *5 (S.D. Fla. Sept. 4, 2009) (citing *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *O'Keefe v. Darnell*, 192 F. Supp. 2d 1351, 1354 (M.D. Fla. 2002). Here, LMH does not allege, and the Court does not find, the Motion to Dismiss for Improper Venue to be redundant, immaterial, impertinent, or scandalous. While the evidence provided in the Motion may be insufficient to support dismissal, insufficiency of evidence alone is not a proper ground upon which to strike a motion. *Gainer v. City of Winter Haven, Fla.*, 134 F. Supp. 2d 1295, 1297 (2000). Furthermore, LMH fails to allege, and the record does not demonstrate, that the Motion will cause prejudice to the parties. Accordingly, the Court declines to strike the Motion to Dismiss for Improper Venue.

## II. Motion to Dismiss for Improper Venue

In the Motion to Dismiss for Improper Venue, Krueger, proceeding *pro se*, contends that the present action was improperly filed in the Middle District of Florida because Krueger resides in the Southern District of Florida. (Doc. No. 21.) The Motion is unsworn and is not accompanied by an affidavit or any other evidence establishing that Krueger in fact resides in the Southern District of

---

[1] An affidavit submitted in connection with a summary judgment motion is subject to a motion to strike if it does not meet the standards set forth in Federal Rule of Civil Procedure 56(e). In the present case, Krueger has not filed an affidavit subject to the standards of Rule 56(e).

Florida. (*Id.*) LMH maintains that venue is appropriate in the Middle District of Florida because Krueger's temporary stay in the Southern District of Florida is insufficient to establish residency and does not justify dismissal or transfer of venue. (Doc. No. 23 at 2-3).

When venue is challenged by a Rule 12(b)(3) motion, plaintiff has the burden of establishing that venue in the present forum is proper. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). A court "must accept all allegations of the complaint as true, unless contradicted by the defendant's affidavits, and when the allegation is so challenged, the court may examine facts outside of the complaint to determine whether venue is proper." *Id*. at 1268. A court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Id.*; *see also Lawrence v. Dunbar*, 919 F.2d 1525, 1530 (11th Cir. 1990) (holding that courts should apply the summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction or a related type of motion, including ones for improper venue). "If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a *prima facie* showing of venue." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d. Cir. 2005).

In the Second Amended Complaint, LMH asserts that Krueger violated 17 U.S.C. § 501 by reproducing, distributing, and publically displaying seven copyrighted photographs. (Doc. No. 25.) The proper venue for copyright infringement suits is determined by the specific venue provision of the Copyright Act, 28 U.S.C. § 1400(a), not the general provision governing suits in federal district courts. *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923). Section 1400(a) provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C.

§ 1400(a). Accordingly, venue would be proper in the Middle District of Florida if Krueger or his agent reside or may be found in the Middle District of Florida of Florida.[2]

In considering a Rule 12(b)(3) Motion to Dismiss for Improper Venue, the Court must accept the allegations of the complaint as true, unless contradicted by the defendant's affidavit(s). *Wai*, 315 F. Supp. 2d at 1268. Here, the Second Amended Complaint alleges that Krueger resides in the Middle District of Florida. (Doc. No. 25 ¶ 13.) While Krueger maintains in his unsworn Motion to Dismiss for Improper Venue that he resides in the Southern District of Florida, Krueger has not submitted an affidavit or any other evidence establishing his alleged residence. (Doc. No. 21.) As a result, the factual statements in Krueger's Motion to Dismiss for Improper Venue are insufficient to contradict the allegations of the Second Amended Complaint. Accordingly, the Court will deny the Motion to Dismiss for Improper Venue.

## Conclusion

Based on the foregoing, the Motion to Strike Motion to Dismiss for Improper Venue by Liberty Media Holdings, LLC (Doc. No. 22, filed May 4, 2010) is **DENIED**. The Motion to Dismiss for Improper Venue by Justin Krueger (Doc. No. 21, filed Apr. 29, 2010) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 14, 2010.

*(signature)*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Neither party argues that Krueger has been found in the Middle District of Florida.

Copies furnished to:

Counsel of Record
Unrepresented Parties